UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BERT DEWEY,

    Plaintiff,

v.

SUZUKI, parole office supervisor; et al.,

    Defendants.
                                                /

No. C 10-132 SI (pr)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

Bert Dewey, an inmate at the California Substance Abuse Treatment Facility in Corcoran, California, filed a pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A. His motion for appointment of counsel also is before the court for consideration.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Dewey alleges in his complaint that his Fourth Amendment rights were violated on September 9, 2008, when a "parole search team" entered his home. He alleges that the parole search team members did not knock and announce their presence before forcing entry and crossing the threshold to enter his home, and only announced themselves as they crossed the threshold. Liberally construed, the complaint states a § 1983 claim upon which relief may be granted for a Fourth Amendment violation. See Wilson v. Arkansas, 514 U.S. 927, 934 (1995) (knock-and-announce principle is part of 4th Amendment reasonableness inquiry).

Although the complaint states a claim, there is a problem with the defendants. That is, the complaint fails to link any defendants to the claim. The complaint lists as a defendant San Jose parole office supervisor "Suzuki," but did not allege that Suzuki participated in the search or made any decision with regard to the entry at Dewey's home on September 9, 2008. The parole office supervisor may have been listed just because he/she was in charge of the parole office, but that would be improper because there is no respondeat superior liability under section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under section 1983 arises only upon a showing of personal participation by the defendant. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). In his amended complaint, Dewey must allege what Suzuki did or failed to do that caused a violation of his constitutional rights.

Dewey's complaint also lists "the parole search team" and "unknown Jane and Joe Does" as defendants. Complaint, pp. 2-3. The parole search team apparently is the group of individuals who conducted the search, and not a legal entity. Although Dewey's complaint does not have specific allegations against the Jane and Joe Doe defendants, it appears that they were the members of the parole search team. It is permissible to use Doe defendant designations in a complaint to refer to defendants whose names are unknown to plaintiff. Although the use of

Doe defendants is acceptable to withstand dismissal of a complaint at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process in this action until they are identified by their real names. Dewey must take steps promptly to discover the full name (i.e., first and last name) of each Doe defendant and provide that information to the court in an amendment to his pleading that explains what each such person did or failed to do that caused a violation of his constitutional rights. The burden remains on the plaintiff; the court will not undertake to investigate the names and identities of unnamed defendants.

To summarize, the complaint has only one defendant (i.e., Suzuki) who has been identified by name, but the complaint does not state a claim against him or her. The complaint appears to state a cognizable Fourth Amendment claim against the Doe defendants on the parole search team, but none of them can be served with process because Dewey hasn't provided the true name for any of them. Thus, he needs to amend to allege facts showing a basis for liability for Suzuki and to provide true names for the Doe defendants. The court will grant him a lengthy period of time to amend so that he can find the names of the Doe defendants. If he does not provide those names, they will be dismissed without prejudice. And if he does not provide names for the Doe defendants, and does not state a claim against defendant Suzuki in the amended complaint, the whole action will be dismissed.

Dewey moved for appointment of counsel to represent him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under section 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident. The motion for appointment of counsel is DENIED. (Docket # 3.)

3

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed with leave to amend. The amended complaint must be filed no later than **September 30, 2010**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

Plaintiff's motion for appointment of counsel is DENIED. (Docket # 3.)

IT IS SO ORDERED.

Dated: July 15, 2010

_____
SUSAN ILLSTON
United States District Judge